840 F.2d 11
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon OLIVERAS, a/k/a Raymond Pena, a/k/a Raymond, a/k/a
Raymon Pena, Defendant-Appellant.
 No. 87-5072.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1988.
Decided Feb. 16, 1988.
 
 Richard William Winelander on brief for appellant.
 Breckinridge L. Willcox, United States Attorney, Thomas F. O'Neil, III, Assistant United States Attorney on brief for appellee.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 "Honor among thieves," while alluded to often enough to become a cliche, is either subject to many exceptions or not applicable to drug dealers. Here the defendant, Ramon Oliveras, was charged with conspiracy to possess with intent to distribute cocaine, using a communication facility to facilitate narcotics distribution, and interstate travel in aid of racketeering. After extensive negotiations by him with undercover agents looking towards a sale of cocaine at a price of at least $900,000, Oliveras was arrested and charged. His principal defense was that he was not dealing drugs, but rather attempting a scam by which sugar disguised to appear to be cocaine would be transferred.
 
 
 2
 As subsidiary objections, Oliveras complains about questions put to him on cross-examination after he had waived his constitutional right to silence by voluntarily taking the stand. The cross-examination questions objected to concerned Oliveras' arrest, his use of cocaine, and his possession of firearms. He also objected to cross-examination of his wife about statements made to law enforcement officials following the discovery of a sawed-off shotgun that she had ascribed to Oliveras in her apartment, and claimed there was error in the admission of rebuttal testimony of a special agent concerning the seizure of the sawed-off shotgun. Finally, Oliveras rounds off the litany of supposed errors by claiming he should have been granted a postponement when one witness whom the court at his request had subpoenaed could not be located and served and another such witness who had testified on direct examination and, therefore, had been subject to cross-examination by Oliveras before completing his testimony and departing the courtroom was not compelled to return to testify.
 
 
 3
 All of the objections, other than the scam contention, are rendered impotent by the discretion vested in the district judge. Our search of the record has failed to disclose any abuse of discretion.
 
 
 4
 As for the scam story, there was no requirement that just because the defendant told the story the jury need believe it. There was ample evidence to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 The judgment is
 
 5
 AFFIRMED.